**KOCH–ELLIS MARINE CONTRACTORS, Inc., Individually and as Claimant of THE FELLA C, Appellant,**

v.

**CHEMICAL BARGE LINES, Inc., Appellee.**

**No. 15504.**

United States Court of Appeals Fifth Circuit.

June 30, 1955.

Joseph V. Ferguson, II, New Orleans, La., Cobb & Wright, New Orleans, La., for appellant.

William B. Dreux, Francis Emmett, New Orleans, La., Deutsch, Kerrigan & Stiles, New Orleans, La., Frank Emmett, New Orleans, La., of counsel, Jones, Walker, Waechter, Dreux & Poitevent, New Orleans, La., William B. Dreux, New Orleans, La., for appellees.

Before HUTCHESON, Chief Judge, JONES, Circuit Judge, and CHRISTENBERRY, District Judge.

PER CURIAM.

This is an appeal from a decree in admiralty, dividing collision damages between the Ruby O and the Fella C, in accordance with the opinion[1] of the district judge, that Article 29, Inland Rules, 33 U.S.C.A. § 221, our decisions in Smith v. Bacon, 5 Cir., 194 F.2d 203, and G. B. Zigler Co. v. Barker Barge Line, 5 Cir., 167 F.2d 676, and the rule of The Pennsylvania, 19 Wall. 125, 126, 136, 86 U.S. 125, 126, 136, 22 L.Ed. 148, required this, though the faults of the Ruby O were gross and wanton and directly responsible for the collision and the only fault of the Fella C was the failure to have a lookout.[2]

Pointing out that the judge did not find that this failure was responsible in whole or in part for the collision, appellant, here insisting that the findings of fact do not support the decree, points out, also, that the district judge took the course he did in the case not of his own volition and because he thought that the rule applied by him was a sound and just one but because, though he thought and said that it was unjust and harsh, he felt constrained to enforce it as made.[3] Pointing, too, to the further fact that in a case decided since the district judge wrote his opinion, Compania de Maderas de Caibarien, S. A. v. The Queenston Heights, etc., 5 Cir., 220 F.2d 120, the court, at page 122,[4] restated the rule more in accord with the views of the district judge as to what the rule ought to be, appellant insists: that under the authority of that decision and of cases applying the major-minor fault rule[5] in the same way, there must be a reversal of the decree dividing damages.

We find ourselves in full agreement with these views. The decree will be reversed and the cause remanded with directions to hold respondent not liable.

1. Chemical Barge Lines, Inc., v. Koch-Ellis Marine Contractors, Inc., and the Tug Fella C, D.C., 128 F.Supp. 89.

2. As the district judge saw the case, though the fault of the Fella C was minor, the rule required the damages to be divided "unless she can *show that her failure in this regard could not have been a contributing cause* of the collision" [128 F.Supp. 91]. (Emphasis supplied.)

3. "It is a combination of harsh rules which, on the basis of this one fault alone, casts the Fella C to divide damages equally with the Ruby O, whose wanton negligence contributed so much toward the collision. * * * But the rules are not of this Court's making. They will be enforced as made. Both to blame."

4. "We are in accord with the statement of the First Circuit, in Seaboard Tug & Barge, Inc., v. Rederi, AB/Disa, 213 F.2d 772, that the Supreme Court, in The Pennsylvania, 19 Wall. 125, 86 U.S. 125, 22 L.Ed. 148, did not intend to establish a hard and fast rule that every vessel guilty of a statutory fault has the burden of establishing that its fault could not by any stretch of the imagination have had any causal relation to the collision, no matter how speculative, improbable, or remote."

5. Seaboard Tug & Barge, Inc., v. Rederi, 1 Cir., 213 F.2d 772; Socony Vacuum Oil Co. v. Smith, 5 Cir., 179 F.2d 672; Harris v. Sabine Transp. Co., 5 Cir., 202 F.2d 537; Bradshaw v. The Virginia, 4 Cir., 176 F.2d 526.